PER CURIAM.
This matter is before us on appeal from a decision of the Designation Appeals Committee of The Florida Bar and involves the interpretation of section 9(b) of article XVII, Florida Designation Plan of the Bylaws under the Integration Rule, as it relates to those lawyers renewing their designation in several areas of practice which overlap. Section 9(b) provides:
(b) A member shall be eligible to renew his right to designate areas of practice only if during the preceding three-year period he has devoted at least 30 hours to approved continuing legal education in each of the areas for which renewal is sought, provided, however, for good cause shown. The Florida Bar may waive all or part of such requirement.[1]
The question before us is whether lawyers who designate in areas which overlap must take thirty separate hours for each designation or whether such lawyers may utilize all of the hours from one continuing legal education course for each of their designated areas, assuming that the Designation Coordinating Committee allowed the credit in advertising the course. In interpreting section 9(b), the Designation Appeals Committee determined, and we agree, that the fact that a lawyer has chosen to designate three overlapping areas does not eliminate the obligation of that attorney to acquire thirty separate hours of continuing legal education credits in each of his designated areas.
As currently administered, the Designation Plan allows a member of the bar, who takes a continuing legal education course approved for credit in more than one specified area, to choose one area to which all of the credit will be applied or to choose to apply specified parts of the credit to each of two or more areas. For renewal, a member is required to accumulate thirty hours of continuing legal education for each area designated.
Appellant’s contention that the Designation Plan, as administered at the present time, discriminates against a practitioner, who has designated in overlapping areas of specialty, is without merit. Section 9(b) as administered provides for the uniform treatment of all lawyers participating in the plan by imposing the same educational requirements on all participants in renewing their designations since every participant has the same obligation to accumulate thirty separate hours of approved continuing legal education in each of his or her designated areas.
Accordingly, we approve the opinion of the Designation Appeals Committee.
It is so ordered.
ENGLAND, C. J„ and BOYD, OVER-TON and ALDERMAN, JJ., concur.
ADKINS, J., dissents.

. By order of this Court entered on March 25, 1979, section 9(b) was amended to read:
(b) A member shall be eligible to renew his right to designate an area of practice only if during the preceding three-year period he has had substantial experience during the three years preceding the renewal application and he has devoted at least 30 hours, of which only a maximum of 20 hours may be accumulated for credit in any one of the preceding three years, to approved continuing legal education in each area for which renewal is sought. For good cause shown, the Board may waive all or any part of such requirement.
This amendment, however, does not affect the result of this decision.